UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER, aka RICHARD TYRONE FOSTER,<br><br>Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>Respondent. | No. 2:16-cv-01845 KJM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and a request to proceed in forma pauperis.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends the dismissal of this action without prejudice for failure to state a cognizable habeas claim.

II. In Forma Pauperis Application

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, notwithstanding petitioner's status as a three-strikes litigant, see n.3, infra, and related text, his instant application to proceed in forma pauperis, ECF No. 7, will

be granted, and the $5.00 fee waived. See 28 U.S.C. § 1915(a).

III. Legal Standards

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The vehicle for a state prisoner to challenge his or her conviction, sentence or, in limited circumstances, a disciplinary conviction, is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Habeas corpus is the exclusive remedy for a prisoner seeking an immediate or speedier release from prison. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]" Nettles v. Grounds, 830 F.3d 922, 931, 934 (9th Cir. 2016) (en banc) (citations omitted). In Nettles, the court found that success on the merits of the petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall within "the core of habeas corpus." "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

IV. Petitioner's Allegations and Claims

Petitioner commenced the instant action when he was incarcerated at California State Prison Corcoran (CSP-COR). The petition alleges that in 2014, when petitioner was incarcerated at California State Prison Los Angeles County (CSP-LAC), two CDC 128 Chronos (disciplinary charges) were "issued in error against the 'wrong' prisoner" and placed in petitioner's central file. The chronos ("Exhibit A") were issued by an allegedly corrupt correctional official (Library Technical Assistant (LTA) M. Ibbotson, the "author of Exhibit A"). When petitioner submitted an inmate grievance challenging the chronos, Ibbotson reportedly requested and obtained petitioner's placement in administrative segregation based on the false charge that petitioner was in possession of some of Ibbotson's personal property. Petitioner was held in administrative

2

segregation for two months, then transferred to High Desert State Prison (HDSP) where he was placed in a Level IV "180-design" facility, which was more secure than petitioner's prior placement in a Level IV "270-design" facility. See Cal. Code Regs. tit. 15, § 3377(d). Petitioner's requests for transfer from HDSP to a 270-design facility were denied in June 2014 and April 2015.

Meanwhile, on October 10, 2014, petitioner challenged a September 26, 2012 CDCR memorandum modifying housing placement screening criteria for prisoners assigned to Level IV 270/180-design facilities. The challenge, submitted to the Office of Administrative Law (OAL), alleged that the memorandum was effectively a regulation, but because not so enacted was an impermissible "underground regulation." By decision issued April 20, 2015, the OAL agreed. See ECF No. 1 at 59-71 (Ex. I). As a result, CDCR promulgated new and amended regulations on October 2, 2015, which became effective on September 15, 2015. Id. at 72-86 (Ex. J)

Petitioner alleges two First Amendment retaliation claims. He contends that his 2014 placement in administrative segregation at CSP-LAC was in retaliation for his submission of an inmate grievance, and that HDSP's April 2015 refusal to transfer petitioner to a 270-design facility was in retaliation for his OAL challenge submitted. Petitioner also contends that his continued retention in a 180-design facility fails to comply with the new CDCR regulations and violates his rights to due process and equal protection. Petitioner seeks, inter alia, a transfer "back to a 270-designed prison, e.g. CSP-Corcoran;" an order directing responses to petitioner's inmate grievances; removal of the disputed chronos from petitioner's central file; an order directing the Department of Justice to investigate allegations against LTA Ibbotson; and damages in the amount of $100 per day for petitioner's wrongful placement in administrative segregation. See ECF No. 1 at 28-30.

Petitioner pursued these matters in petitions for writ of habeas corpus filed in the Lassen County Superior Court (denied for failure to exhaust administrative remedies); the California Court of Appeal, Third District (summarily denied); and the California Supreme Court (summarily denied). See ECF No. 1 at 142-46.

////

V. <u>Analysis</u>

This court may consider the merits of an application for writ of habeas corpus by a state prisoner only on the ground that the prisoner is in custody in violation of federal law. <u>See</u> 28 U.S.C. § 2254(a). Therefore, to the extent that petitioner alleges failure to comply with CDCR regulations, the challenges are noncognizable in federal habeas. Moreover, when petitioner commenced this action, it appears that he had already been transferred to his facility of choice, CSP-SOR. Since then, petitioner was transferred to Calipatria State Prison,[1] which is principally at 270-design facility.[2] "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." <u>Pride v. Correa</u>, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir.1991)). That is, an inmate's claims for prospective injunctive and declaratory relief are moot when he "no longer is subjected to [the allegedly unconstitutional] policies." <u>Johnson</u>, 948 F.2d at 519.

Most significantly, petitioner does not allege that his term of incarceration will be shortened if he is successful on any of his claims. There is nothing in the petition or exhibits to suggest that petitioner, who is serving a sentence of "life plus 12 years," ECF No. 1 at 1, would serve a shorter sentence if the challenged disciplinary chronos were expunged or his other claims prevailed. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." <u>Nettles</u>, 830 F.3d at 929 (fn. omitted) (citing <u>Muhammad v. Close</u>, 540 U.S. 749, 754-55 (2004)). Therefore, this action may not

---

[1] Review of the Inmate Locator website operated by CDCR indicates that petitioner is now incarcerated at Calipatria State Prison. <u>See</u> http://inmatelocator.cdcr.ca.gov/search.aspx. <u>See</u> Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by <u>sources whose accuracy cannot reasonably be questioned</u>); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] See www.cdcr.ca.gov/Prisons/.../CAL-CALIPATRIA-STATE-PRISON.pdf (Appendix B: Institution Staffing, Housing, and Programming Plan), available on the CDCR website. <u>See</u> also Fed. R. Evid. 201, supra. The "Calipatria State Prison Housing Plan" indicates that the majority of housing is based on a 270-design, with no 180-design housing and only limited administrative segregation placements.

4

proceed in habeas corpus.

The next question is whether the instant petition should be construed as a civil rights complaint. "A district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned finds that it would be inappropriate to construe the instant petition as a civil rights complaint. The petition is long, rendering conversion unwieldy, and does not name or otherwise identify a proper civil rights defendant. It appears that petitioner did not exhaust his administrative remedies, so he must be prepared to demonstrate that he exhausted the remedies that were *available* to him. See 42 U.S.C. § 1997e(a): Ross v. Blake, 136 S. Ct. 1850, 1862. Finally, because petitioner is a three-strikes litigant,[3] he should be permitted the opportunity to consider whether he wishes to pay the filing fee ($400.00) in order to proceed in a civil rights action. See 28 U.S.C. § 1915(g).[4]

For these reasons, the undersigned finds that the instant petition fails to state a cognizable claim for habeas relief and should be on that basis. See Rule 4, Rules Governing Section 2254 Cases. Dismissal of this action without prejudice will allow petitioner, at his discretion, to decide whether to pursue his claims in a new civil rights action.

////

---

[3] Petitioner was adjudged a three-strikes litigant by order filed July 26, 2007. See Foster v. District Attorney's Office, et al., Case No. 1:06-cv-00819 AWI SMS P (E.D. Cal. May 11, 2007) (see ECF Nos. 22, 24).

[4] See 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

VI.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis in the instant case, ECF No. 7, is granted; the $5.00 filing fee is waived.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice for failure to state a cognizable habeas claim, see Rule 4, Rules Governing § 2254 Cases;

2. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

.